UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD BLUMBERG, et al., | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-1392-B |
| | § | |
| NSSI Liquidating Trust, | § | |
| | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM ORDER

This cause comes to the Court on appeal from the United States Bankruptcy Court, Northern District of Texas, Dallas, Division (the "Bankruptcy Court"). Appellants Richard Blumberg ("Blumberg") and Stasan, Inc. ("Stasan," and together with Blumberg, "Appellants") initiated an Adversary Proceeding in the Bankruptcy Court seeking to set aside a prior default judgment entered against them on allegations of fraud on the court. Following a bench trial, the Bankruptcy Court found against Appellants. Charging three points of error, Appellants appeal the Bankruptcy Court's refusal to set aside its previously entered judgment. Having considered the decision below, briefing of the parties, and applicable law, the Court is of the opinion that the judgment of the Bankruptcy Court should be and hereby is **AFFIRMED**.

## I.

## BACKGROUND

In 2002, debtor, Appellee Network Staffing Services, Inc. ("NSSI"), filed a petition for protection pursuant to Chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the

"Bankruptcy Proceeding").  In November of that year, Blumberg filed a proof of claim in the Bankruptcy Proceeding, seeking $126,576.78 in funds left owing on a final judgment entered in Blumberg's favor against NSSI in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.  (R. 489-99.)

On July 26, 2004, NSSI, through its counsel, Richard G. Grant ("Grant"), filed its Original Complaint to Avoid and Recover Avoidable Transfers Under 11 U.S.C. §§ 544, 547, 548, 549, and 550 (the "Adversary Complaint") against Blumberg and Stasan.  (R. 25-31, 405.)  The Complaint initiated a new Adversary Proceeding in the Bankruptcy Court, docketed as Adversary Proceeding No. 04-03437 (the "Adversary Proceeding").  (R. 405.)  Soon thereafter, the Bankruptcy Court issued its Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order (the "Scheduling Order"), setting the Adversary Proceeding for docket call on December 13, 2004.  (R. 405, 639-40.)  The Scheduling Order further provided that NSSI was to serve Blumberg and Stasan with a summons, a copy of the Adversary Complaint, and a copy of the Scheduling Order.  (R. 639.)

Upon his receipt of the Adversary Complaint, Blumberg enlisted the aid of his attorney, Samantha Tesser Haimo ("Haimo").  (R. 531.)  Haimo contacted Grant via telephone to discuss settlement of the Adversary Complaint, and requested an open-ended extension of time in which to respond to NSSI's Complaint in the Adversary Proceeding.  (R. 195, 531-40, 548.)  According to Haimo, Grant agreed to her request, promising to provide Haimo with fifteen-day's notice before taking further action in the Adversary Proceeding.  (R. 195, 531-40, 548.)  On August 25, 2004, Haimo enshrined the parties' agreement in an e-mail to Grant, stating:

In furtherance of our telephone conversation from yesterday, this shall confirm that

you have granted my clients (Stasan and Richard Blumberg) an open extension of time to respond to the Adversary Complaint to allow us to work together to determine the facts and circumstances surrounding the payments made to the Richard Blumberg Profit Sharing Trust ("PST").

As we discussed, if we cannot work the Adversary Complaint out, you will advise us that we will have 15 days within which to file a response.

(R. 195.)  Haimo never filed an answer or other responsive filing to the Adversary Complaint in the Bankruptcy Court.  (R. 565.)

On December 13, 2004, the Bankruptcy Court convened for the scheduled docket call in the Adversary Proceeding.  Grant appeared at the hearing on behalf of NSSI; however, neither Haimo nor any other representative appeared for Blumberg and Stasan.  Finding NSSI had properly served Blumberg and Stasan with a copy of the summons, Adversary Complaint, and Scheduling Order, the Bankruptcy Court entered Final Judgement in favor of NSSI in the amount of $63,819.77, as a result of the defendants' default.  (R. 35-6, 405-6.)

Subsequently, Blumberg, upon hearing rumblings that other claimants were receiving financial distributions related to the NSSI Bankruptcy Proceeding, contacted Haimo to determine if he would receive payment on his proof of claim.[1]  (R. 548.)  Consequently, on April 4, 2006, Haimo, after allowing the Adversary proceeding to languish for approximately two years, again contacted Grant.  (R. 565-66, 569-73.)  Grant informed Haimo that his representation of NSSI

_____

[1]NSSI filed an objection to Blumberg's proof of claim on October 20, 2004.  (R. 86, 547-48, 550.) Blumberg failed to respond to the objection by the November 30, 2004 deadline; therefore, the Bankruptcy Court granted the objection.  (R. 55, 445.)  Blumberg subsequently argued that he did not receive notice of NSSI's objection to his proof of claim, raising arguments similar to those he raises in this action.  (R. 550-55, 578-94.)  Ultimately, the Bankruptcy Court ruled against Blumberg, finding that he had sufficient notice of NSSI's objection.  (R. 404-09.)  Blumberg's arguments with regard to his proof of claim were the subject of another appeal in this Court styled *Richard Blumberg v. NSSI Liquidating Trust*, Cause No. 3:08-CV-1371-P (Solis, J.).  Judge Solis affirmed the judgment of the Bankruptcy Court on June 30, 2009.

ceased in early 2005.  (R. 549-50.)  Haimo then began looking into the Adversary Proceeding, and discovered the Final Judgment that was entered against her clients in December 2004, eighteen months previously.  (R. 550.)

On September 28, 2006, Blumberg and Stasan initiated a new Adversary Proceeding in the Bankruptcy Court, Adversary Proceeding No. 06-03474, seeking an order setting aside the Final Judgment entered against them in the previous Adversary Proceeding.  (R. 38-41.)  Blumberg and Stasan alleged that in obtaining a final judgment after agreeing to provide an unlimited extension of time to respond to the complaint, Grant committed a fraud upon the court.  (R. 38-41.)  The Bankruptcy Court held a bench trial on March 6, 2008. (R. 404, 504.)  At trial, Blumberg and NSSI presented testimony from, *inter alia*, Haimo and Blumberg.  (R. 500-638.)  Both maintained that although Blumberg was served with the Adversary Complaint in the prior proceeding, Blumberg was not served with the Scheduling Order or a summons.  (R. 531, 539-40, 563, 571-73, 597.)  As such, Haimo insisted, she did not have notice of the scheduled docket call.  (R. 563.)  NSSI, on the other hand, did not call any witnesses, but introduced evidence, including an execution of service in the prior proceeding.  (R. 101, 104-05, 600, 614.)

On March 13, 2008, the United States Bankruptcy Judge entered his Findings of Fact and Conclusions of Law.  (R. 404.)  In his findings of fact, the Bankruptcy Judge found that Blumberg and Stasan were served with the Scheduling Order in the prior Adversary Proceeding along with the Complaint, and noted that the Scheduling Order was available through the Bankruptcy Court's public docket.  (R. 405.)   He additionally found that Blumberg and Stasan were granted an open extension in which to file an answer, but that no agreement was made to alter or amend the dates of the Scheduling Order.  (R. 405.)  Proceeding to the legal merits of Blumberg and Stasan's claims,

the Bankruptcy Court reasoned that a clear reading of the complaint and evidence demonstrated that Blumberg and Stasan were in fact alleging NSSI's counsel engaged in fraud under FED. R. CIV. P. 60(b)(3), and not the narrower concept of fraud on the court.  (R. 407.)  Because allegations of fraud are subject to a one-year time limitation, the trial court determined that Blumberg and Stasan's claims were time-barred.  (R. 407-08.)  Alternatively, the court found that Blumberg and Stasan would not succeed on the merits of their claim even if viewed under the lens of fraud on the court. To this end, the court opined that although Grant's failure to inform the court of the agreement between Grant and Haimo was "surprising and ... close to sharp practice," such conduct did not amount to fraud on the court.  (R. 408.)  The Bankruptcy Court, therefore, entered final judgment in favor of NSSI on March 21, 2008.  (R. 410-11.)  On March 31, 2008, Blumberg and Stasan filed a motion asking the Bankruptcy Court to reconsider its ruling.  (R. 412-22.)  The court denied their motion for reconsideration, upholding its prior decision.  This appeal followed.

## II.

## JURISDICTION

This is an appeal of the Bankruptcy Court's final orders and judgment disposing of all claims in Adversary Proceeding No. 06-03474.  This Court is vested with jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).

## III.

## LEGAL STANDARDS

The Court reviews the Bankruptcy Court's findings of fact for clear error, and its conclusions of law *de novo*.  *In re SI Restructuring, Inc.*, 542 F.3d 131, 135 (5th Cir. 2008); *In re McLain*, 516 F.3d 301, 307 (5th Cir. 2008).  A factual finding is clearly erroneous where, "although there is evidence

to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Memphis-Shelby County Airport Authority v. Braniff Airways, Inc.*, 783 F.2d 1283, 1287 (5th Cir. 1986) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). It is insufficient that the reviewing court, upon examining the evidence, would merely have decided differently if sitting as the trier of fact. *Memphis-Shelby County Airport Authority*, 783 F.2d at 1287 (quoting *Anderson*, 470 U.S. at 573). This is so because the Bankruptcy Court, as the trial court, is vested with the crucial opportunity to judge the credibility of witnesses. *Matter of Young*, 995 F.2d 547, 548 (5th Cir. 1993).

## IV.

## ANALYSIS

Appellants ask the Court to vacate the Bankruptcy Court's order finding NSSI did not commit a fraud upon the court as well as the denial of their motion for reconsideration. In support of their request, Appellants contend: (1) the Bankruptcy Court erred in finding that Grant's non-disclosure to the court of his agreement with Haimo did not constitute fraud on the court, (2) the Bankruptcy Court's order entering a default judgment in favor of NSSI in the Adversary Proceeding is void for violations of Appellants' due process rights, and (3) the Bankruptcy Court's findings of fact were clearly erroneous in light of the evidence presented at trial. The Court will address each of Appellants' arguments in turn.

A.     *Fraud on the Court*

Appellants insist that the Bankruptcy Court's default judgment against them in the initial Adversary Proceeding should be set aside pursuant to FED. R. CIV. P. 60(d). Toward this end, Appellants maintain that Grant committed a fraud upon the court by failing to inform the lower

court that he entered into an open-ended time extension with Haimo in the initial Adversary Proceeding.   Appellants contend that in finding that the default judgment was not obtained as a result of a fraud upon the court, the lower court erred in two respects.   First, Appellants charge that the Bankruptcy Court wrongfully found their claim to be time-barred because the one-year time limitation relied upon by the trial court applies only to fraud and not the separate concept of fraud on the court.   Second, they contend that the court below erred in finding that Grant's actions did not rise to fraud on the court.   This Court reviews the trial court's finding of an absence of fraud on the court for an abuse of discretion.   *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989);[2] *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).

In relevant part, FED. R. CIV. P. 60 ("Rule 60") provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.   On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

...

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
....

(c) Timing and Effect of the Motion.

(1) Timing.  A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

---

[2]Appellants ask the Court to apply a *de novo* review to the Bankruptcy Court's finding of an absence of fraud on the court.   However, in *Wilson*, the Fifth Circuit unequivocally stated that a trial court's "denial of a Rule 60(b) motion will be reversed only for abuse of discretion."  873 F.2d at 871.   Although the current iteration of Rule 60 separates fraud and fraud on the court into two separate subsections, at the time *Wilson* was decided, both reasons for vacating a judgement were contained within subsection (b).   *See id.* (quoting FED. R. CIV. P. 60(b)).   Although Rule 60 was structurally altered in 2007, these changes were merely stylistic and did change the law with respect to Rule 60's provisions.   FED. R. CIV. P. 60 advisory committee notes.

....

(d) Other Powers to Grant Relief.  This rule does not limit a court's power to:
...

(3) set aside a judgment for fraud on the court.

Under the plain terms of Rule 60, then, the concepts of fraud and fraud on the court are distinct.  *Wilson*, 873 F.2d at 872 ("'Fraud upon the court' is grounds for relief under the savings clause of Rule 60(b) and is distinguishable from the 'fraud ... misrepresentation, or other misconduct' under Rule 60(b)(3)") (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).  Relief for fraud on the court pursuant to Rule 60(d)(3) "is reserved for only the most egregious misconduct, and requires a showing of 'an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'"  *Wilson*, 873 F.2d at 872 (quoting *Rozier*, 573 F.2d at 1338); *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960).  Schemes egregious enough to rise to fraud on the court generally take the form of bribery of a judge or jury, or the fabrication of evidence by an officer of the court.  *Rozier*, 573 F.2d at 1338 (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), *overturned on other grounds by Standard Oil Co. of Cal. v. United States*, 429 U.S. 17 (1976)).  This narrow concept embraces "only the species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."  *Wilson*, 873 F.2d at 872 (quoting *Kerwit Medical Products, Inc. v. N. & H. Inst., Inc.*, 616 F.2d 833, 837 (5th Cir. 1980)).  Less severe misconduct falls within the scope of fraud under Rule 60(b)(3).  *Wilson*, 873 F.2d at 872; *Rozier*, 573 F.2d at 1339.  Significantly, the "mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court

- 8 -

does not add up to 'fraud upon the court' for purposes of vacating a judgment ...." *Wilson*, 873 F.2d at 872 (quoting *Kerwit Medical Products, Inc.*, 616 F.2d at 837); *Rozier*, 573 F.2d at 1339.

Cognizant of the foregoing standards, the Court will address Appellants' allegations in contravention to the Bankruptcy Court's findings in relation to fraud upon the court individually.

i.      Application of the One-Year Limitations Period

In his findings of fact and conclusions of law, the trial judge concluded that although Blumberg and Stasan labeled their allegations in terms of fraud on the court, "a clear reading of the complaint and of the evidence offered shows that [Blumberg and Stasan] rest their claim under Rule 60(b)(3) by alleging misrepresentations or fraud by prior counsel for [NSSI] and construing such conduct as fraud on [the c]ourt." (R. 407.)  Having cast Blumberg and Stasan's claims as allegations of fraud under Rule 60(b)(3), the lower court concluded that the claims were "brought well over one year from the judgment" in the previous Adversary Proceeding, and were therefore time-barred.  (R. 408.)  The Bankruptcy Judge then proceeded to consider whether Blumberg and Stasan had proven their case under the alternative theory of fraud on the court.  (R. 408-09.)  The court ultimately concluded that although Grant's conduct in the prior Adversary Proceeding was surprising, it failed to reach the level of fraud on the court.  (R. 408-09.)

On appeal, Appellants contend that the Bankruptcy Court's ruling that their claims were time barred was in error, insisting the one-year limitations period does not apply to allegations of fraud on the court.  Although not directly refuting Appellants' contention, NSSI maintains that Appellants' allegations, at best, give rise to fraud, and as such, their claims are time barred.

Rule 60(c) provides that an action seeking to set aside a judgment for fraud must be commenced within one year of the date judgment was entered in the underlying proceeding.  FED.

R. CIV. P. 60(c); *Wilson*, 873 F.2d at 871-72 (stating the clock on the one year tolling period begins to run "from the date the district court entered final judgment") (citing *Gulf Coast Building & Supply Co. v. Int'l Bhd. of Electical Workers*, 460 F.2d 105, 108 (5th Cir. 1972)).  This time bar on claims of fraud is absolute, and may not be avoided by shrouding a claim under the terms of Rule 60's savings clause.  *See Kerwit Medical Products, Inc.*, 616 F.2d at 836 n.8;  *Gulf Coast Building & Supply Co.*, 460 F.2d at 108.  Consequently, when questionable conduct does not rise to the level of fraud on the court, an attempt to set aside a judgment on the basis that it was obtained through the broader concept of fraud must be commenced within one year.  *See* FED. R. CIV. P. 60(b)(3), (c).  If the action to set aside the judgment is pursued after this period, the judgment stands even if it was indeed obtained by fraud.  *Id.*; *see, e.g., Wilson*, 873 F.2d 871-72.

Appellants' argument that the lower court erred in applying Rule 60(c)'s one-year limitations period ignores the fact that the lower court also analyzed their claim for fraud on the court.  In addressing the argument in the alternative, the Bankruptcy Court implicitly recognized that if Appellants' evidence revealed a fraud upon the court committed by NSSI, the claim could be sustained even though it was commenced well after one year from the entry of the default judgment.  Thus, in ruling that no fraud on the court was committed, the Bankruptcy Court reasoned that Appellants' case must necessarily fall within the broader concept of Fraud under Rule 60(b)(3).  Because nineteen months had elapsed from the entry of the default judgment to the filing of the instant lawsuit, the lower court concluded that the case was time-barred.  This reasoning is correct under the law, as absent a showing of fraud on the court, allegations of fraud must be commenced within one year from the filing of the underlying judgment.  *See* FED. R. CIV. P. 60(c); *Wilson*, 873 F.2d 871-72; *Kerwit Medical Products, Inc.*, 616 F.2d at 836 n.8; *Gulf Coast Building & Supply Co.*,

460 F.2d at 108. Because the trial court concluded that Grant's actions were not a fraud upon the court, it acted well within its discretion in applying the one year statute of limitations for an action to vacate a judgment due to fraud.

However, Appellants alternatively contend that the Bankruptcy Court was incorrect in concluding that no fraud on the court had been committed. If true, the one-year limitations period would not prevent the Bankruptcy Court from vacating its prior judgment. The Court thus turns to Appellants alternative contention that the court below reversibly erred in concluding no fraud was committed upon the court.

ii.     Fraud On the Court

Appellants emphatically argue that Grant's actions in the initial Adversary Proceeding constituted a fraud on the lower court. In furtherance of this assertion Appellants proclaim that Grant gave them an open-ended extension of time in which to respond to the Adversary Complaint, and promised to provide fifteen-days notice if he intended to proceed further in the Adversary Proceeding. Subsequently, at the December 13, 2004 docket call, Grant appeared and announced ready for trial, but did not inform the court of his prior agreed upon time extension, resulting in the entry of a default judgment against Blumberg and Stasan.

After convening a bench trial, the Bankruptcy Court concluded that Grant and Haimo's agreement allotted Haimo with an open-ended extension with which to file an answer on behalf of her clients, but did not otherwise alter the trial schedule set forth in the Bankruptcy Court's Scheduling Order. (R. 405.) As such, the court concluded, although Grant's conduct was "surprising and ... close to sharp practice," his conduct did not reach the high bar to amount to fraud on the court. (R. 408.)

- 11 -

As set forth *supra*, fraud on the court is a narrow concept reserved for only the most egregious misdeeds by officers of the court. *Wilson*, 873 F.2d at 872; *Kerwit Medical Products, Inc.*, 616 F.2d at 837; *Rozier*, 573 F.2d at 1338; *see also Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005) (stating the elements for fraud on the court as: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court."); *Buck*, 281 F.3d at 1342 ("Fraud on the court ... is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury"); *Kupferman v. Consolidated Research and Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972) (stating fraud on the court is limited to circumstances where an officer of the court attempts to defile the court as an institution through dishonesty and fraud). Put simply, Grant's conduct in the original Adversary Proceeding, although unprofessional and questionable, does not rise to the heights necessary to be classified as a fraud on the court. In this action there is no instance of an officer of the court manufacturing evidence for presentation to the court, *see Hazel-Atlas Glass Co.*, 322 U.S. at 240-48, nor is this an instance where an officer of the court affirmatively lied to the tribunal, *see, e.g., Graham v. Dallas Independent School Dist.*, Cause No. 3:04-CV-2461-B, 2006 WL 507944, at *5 (N.D. Tex. Jan. 10, 2006) (Boyle, J.). Rather, Grant simply remained silent as to his agreement with Haimo at the December 2004 docket call, and it is well settled that "nondisclosure to an adverse party *and to the court of facts pertinent to a controversy* before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment ...." *Wilson*, 873 F.2d at 872 (quoting *Kerwit Medical Products, Inc.*, 616 F.2d at 837) (emphasis added); *Rozier*, 573 F.2d at 1339.

Moreover, it was not Grant alone who acted below the professional norms expected of attorneys in this case. Haimo, as counsel for Appellants, admits that Blumberg requested her aid and

gave her a copy of the Adversarial Complaint. Haimo contacted Grant and requested opposing counsel – but not the court – for an open-ended extension of time. Subsequently, Haimo allowed the case to languish for approximately two years with no further action on her part. She never checked the docket sheet or otherwise inquired with the court as to the progression of the case until prompted to do so by her client much later. It is not sound practice for attorneys practicing in federal court to, upon service with a complaint, simply call the opposition and hope for the best. At a minimum, Haimo should have sought an extension with the Bankruptcy Court herself or followed up with Grant to ensure he had done so.[3]

For all of these reasons, the Court concludes that the Bankruptcy Court did not abuse its discretion in refusing to vacate its previously entered default judgment against Blumberg and Stasan as obtained through a fraud on the court.

B.    *Voidness*

Appellants next contend that the judgment against them in the initial Adversary Proceeding is void for violation of their due process rights pursuant to Rule 60(b)(4). In support of this argument, Appellants maintain they never received a copy of the Scheduling Order setting the original Adversary Proceeding for docket call. NSSI, on the other hand, insists the evidence presented at trial clearly proves Blumberg was served with a copy of the Scheduling Order along with

---

[3]The Court leaves open the question of whether Haimo made an appearance in the initial action on her clients' behalf. Although she never contacted the trial court or filed any paperwork with that court, these actions are not necessarily required to formally appear in an action. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (quoting *Sun Bank of Ocala v. Pelican Homestead and Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989)). To make an appearance, Haimo simply had to inform the opposition of her clients' intent to pursue a defense. *New York Life Ins. Co.*, 84 F.3d at 142. Thus, assuming *arguendo* Haimo's telephone call to Grant amounted to an appearance in the case, where she faltered was in failing to take any further action for two years.

the Adversary Complaint, as required by the terms of the Scheduling Order.  The Court conducts a *de novo* review of the lower court's decision declining to vacate its prior judgment as void.[4]  *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 394 (5th Cir. 2001); *New York Life Ins. Co.*, 84 F.3d at 142 (if a motion "is based on a void judgment under Rule 60(b)(4), the district court has no discretion – the judgment is either void or it is not").

Rule 60(b)(4) provides that a final judgement of the trial court may be vacated if "the judgement is void[.]" "A judgment 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *New York Life Ins. Co.*, 84 F.3d at 143 (quoting *Williams v. New Orleans Public Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984)).  Here, the trial court's jurisdiction over the subject matter and the parties is not contested.  Consequently, Appellants attack on the Bankruptcy Court's judgement as void is limited to an allegation that the judgment was entered in a manner inconsistent with Appellants' due process rights.  "[O]rdinarily all that due process requires in a civil case is a proper notice and service of process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgement to collateral attack." *New York Life Ins. Co.*, 84 F.3d at 143 (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982)).

The Bankruptcy Court found, after a full bench trial on the merits, that Blumberg was properly served with the Adversary Complaint, the Scheduling Order, and a summons simultaneously.  (R. 405.)  Appellants challenge to this factual finding is unsuccessful, *see* IV. C.,

---

[4]Although the Court applies a *de novo* review of the lower court's legal conclusions as to whether Appellants' due process rights were violated, the lower court's factual findings are reviewed for clear error. *See, e.g., In re SI Restructuring, Inc.*, 542 F.3d at 135. Appellants' argument that the trial court's judgment is void relies on whether the lower court's finding that Appellants' were served with the Scheduling Order in the initial Adversary Proceeding was clear error.  This issue is addressed fully in section IV. C., *infra*.

*infra.* Therefore, it is clear that they were given ample notice of the docket call, as they were served with the Scheduling Order over three months prior. Accordingly, Appellants were afforded sufficient due process protections in the Adversary Proceeding, and the judgment entered against them for their failure to appear at the scheduled docket call is not void.

C.      *Sufficiency of Evidence to Sustain Trial Court's Conclusions*

Appellants' final challenge to the Bankruptcy Court's judgment is that the Bankruptcy Judge's findings of fact were in clear error. Specifically, Appellants challenge the trial judge's finding that they were served with the Scheduling Order in the initial adversary proceeding. In support of this challenge, Appellants point to the trial testimony of Haimo and Blumberg, who both claimed that they were not served with Scheduling Order in the prior proceeding. Appellants press that this testimony was not rebutted, as NSSI chose not to present any witnesses, and simply held Appellants to their burden of proof at trial. NSSI responds by stating that although it did not present a full case including witnesses at trial, sufficient evidence was in the record for the trial judge to conclude that Appellants' received the Scheduling Order. The Court reviews the Bankruptcy Court's findings of fact for clear error. *In re SI Restructuring, Inc.*, 542 F.3d at 135.

As stated previously, after presiding over a full bench trial, the Bankruptcy Court concluded that "[t]he [c]ourt's Scheduling Order was served on [Blumberg and Stasan] along with the Complaint. The Scheduling Order is also a part of this Court's public docket." (R. 405.) Appellants charge that this finding cannot survive, alleging there is no record evidence contradicting Haimo and Blumberg's testimony that they never received a copy of the Scheduling Order. Appellants' contention, however, simply ignores much of the evidence offered before the trial court. First, although NSSI offered no witness testimony in defense of Appellants' allegations at trial, counsel for

NSSI offered the proof of service from the initial Adversary Proceeding into evidence during the cross-examination of Appellants' witnesses.  Moreover, as the trial court correctly pointed out, the court's Scheduling Order was made part of the case's public docket.  Thus, even assuming *arguendo* a physical copy of the Scheduling Order was not served on Appellants', Appellants were sufficiently provided with a copy of the Scheduling Order through the court's public docket, as it is undisputed that Appellants were aware of the action upon service with the complaint.  Indeed, a simple query onto the docket of the newly initiated action in the months before the trial would have informed anyone of the existence of the Scheduling Order.  It is the province of the trial court to weigh the credibility of witnesses and evidence offered at trial.  *Matter of Young*, 995 F.2d at 548. Given the record evidence before the Bankruptcy Court, it was not clear error for it to determine that Appellants' were served with a copy of the Scheduling Order prior to trial.

V.

CONCLUSION

For all of the foregoing reasons, the Court **AFFIRMS** the judgment of the Bankruptcy Court.

**SO ORDERED.**

**DATED: September 16, 2009**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE